UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE ESTIMATING GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00586-RLY-DLP |
| | ) | |
| RICKEY CONRADT, INC., | ) | |
| RICKEY CONRADT, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER**</u>

This matter comes before the Court on the Defendants' Motion to Stay

Litigation Until the Court Decides Motion to Dismiss (Dkt. 16). The Plaintiff filed

its response on April 23, 2019. The Motion was referred to the Undersigned for

ruling and, for the reasons that follow, is hereby **GRANTED IN PART** and

**DENIED IN PART**.

## I. Legal Standard

District courts have the inherent power to control their docket and, as such,

enjoy broad discretion when determining whether to stay proceedings. *Clinton v.*

*Jones*, 520 U.S. 681, 706–07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

When considering a motion to stay, the Court must consider the need for the stay

and the parties' competing interests, *Landis*, 299 U.S. at 254–55. The proponent of

the stay has the burden of establishing the need for the motion. *Clinton*, 520 U.S. at

708 (citing *Landis*, 299 U.S. at 255). This Court uses the following three factors to

determine if a stay is warranted: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Irving Materials, Inc. v. Zurich Am. Ins. Co.*, No. 1:03-cv-0361-SEB-TAB, 2008 WL 1971468, at *2 (S.D. Ind. May 5, 2008). Magistrate judges have the authority to rule on motions to stay. *See Indiana Pine LLC v. Ponsse USA, Inc.*, No. IP99–0123–C–Y/F, 1999 WL 1866849, at * 1 (S.D. Ind. Mar. 30, 1999).

Generally, courts are reluctant to stay litigation "because [it] bring[s] resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, No. 1:17-cv-03273-TWP-DML, 2019 WL 415614, at *2 (S.D. Ind. Feb. 1, 2019).

## II.     Discussion

The Defendants request that this Court stay these proceedings because their pending Motion to Dismiss hinges upon the dispositive threshold issue of personal jurisdiction and, therefore, argue that all three factors weigh in favor of staying this case. The Plaintiff maintains that the Defendants are not entitled to a stay merely because they raised a jurisdictional argument and, moreover, none of the three factors that the Court is to consider weigh in favor of granting the stay. The Court will address each factor in turn.[1]

---

1 Both parties advocate for the Court to take a "preliminary peek" at Defendants' Motion to Dismiss [Dkt. 17 at 4; Dkt. 18 at 3.] However, the Parties both rely on cases from outside this Circuit. In the interest of judicial economy and deference to the District Judge, the Magistrate Judge declines to engage in any summary review of the Motion to Dismiss.

*A. Prejudice and Tactical Disadvantage to the Non-Moving Party.*

First, Defendants maintain that their requested stay should be granted because it presents no prejudicial or tactical disadvantages to the Plaintiff. The Defendants argue that the requested temporary stay would not prejudice the Plaintiff because after the Court rules on the Motion to Dismiss the case would either proceed or be resolved. In response, the Plaintiff, the non-movant, asserts that it will be prejudiced by a stay because it will be prevented from resolving its claims in a speedy manner as outlined in Rule 1 of the Federal Rules of Civil Procedure.

Plaintiff's argument rests solely on the fact that a stay would delay the adjudication of this case. To be sure, a stay would slow down the progression of this case and delay Plaintiff's right to proceed with its claim. The Court, however, is not persuaded that this short delay on its own constitutes undue prejudice. *See Trading Techs Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016) (finding that in the context of staying litigation "the potential for delay does not, by itself, establish undue prejudice," but acknowledging that waiting for other processes to run their course "risks prolonging the final resolution of the dispute and thus may result in some inherent prejudice to the [non-movant].") (internal quotations omitted); *Cascades Comput. Innovation, LLC v. SK hynix Inc.*, No. 11 C 4356, 2012 WL 2086469, at *1 (N.D. Ill. May 25, 2012) (finding that a sixteen-month stay, without more, would not cause undue prejudice to the plaintiff). Moreover, the Plaintiff has failed to identify any tactical disadvantages that a stay would impose

going forward. Accordingly, the Court finds that factor one weighs in favor of granting the Motion to Stay.

### B. Simplification of the Issues and Streamlining the Trial.

In regard to factor two, the Defendants maintain that staying the case is necessary because it would simplify the issues and streamline the trial by preventing unnecessary motion practice and discovery requests. Plaintiff argues that granting a stay here would be akin to making a bright line rule that a stay is appropriate any time there is a pending motion to dismiss.

The factor two analysis generally rests on whether there are outside proceedings that have some bearing on the matter sought to be stayed. *Knauf Insulation, LLC v. Johns Manville Corp.*, No. 1:15-cv-00111-WTL-MJD, 2015 WL 7084079, at *3–4 (S.D. Ind. Nov. 13, 2015); *Cook Inc. v. Endologix, Inc.*, No. 1:09-cv-1248-WTL-TAB, 2010 WL 325960, at *2 (S.D. Ind. Jan. 21, 2010); *Irving Materials, Inc.*, 2008 WL 1971468, at *2. In *Knauf Insulation*, this Court found that factor two weighed in favor of granting a stay because the Patent and Trademark Office ("PTO") had started reviewing a patent at issue in the case, and the PTO's review would likely affect the litigation going forward. *Knauf Insulation*, 2015 WL 7084079, at *3–4. Similarly, in *Cook* this Court found that factor two weighed in favor of granting a stay because the PTO's pending reexamination of patents at issue in the litigation would potentially reduce the number of claims and issues before the Court and guide its analysis at the summary judgment stage. *Cook*, 2010 WL 325960, at *2. Likewise, in *Irving Materials*, this Court reluctantly stayed the

resolution of a sanctions motion, in part because it found that the parties' arbitration proceedings might help simplify the issues before the court. *Irving Materials*, 2008 WL 1971468, at \*2.

Here, unlike the cases above, the Defendants have failed to identify any outside proceedings that would simplify or guide the Court's analysis of the substantive issues in these proceedings that would justify the stay. Factor two, thus, weighs in favor of denying the stay.

### C. Factor Three: Reducing the Burden of Litigation.

As for the final factor, Defendants argue that granting the stay would reduce the burden of litigation because proceeding to discovery while the motion to dismiss regarding jurisdiction is pending would lead to inefficient and piecemeal litigation. First, Defendants argue that without a responsive pleading that addresses the substance of the Complaint, discovery at this juncture would be conducted with too much uncertainty. Defendants also maintain that because the Motion to Dismiss raises a personal jurisdiction challenge, any order by this Court may have no effect on the parties and would potentially undermine the Due Process Clause's limits on the Court's exercise of personal jurisdiction.

In response, Plaintiff argues that granting a stay in this case would not reduce the burden of litigation because litigants often engage in discovery while the pleadings are unclear. The Plaintiff emphasizes that discovery is usually conducted informally without court orders or intervention.

Defendants' arguments regarding the uncertainty of discovery are somewhat

undercut by the fact that they alone possess the knowledge that would clarify the uncertainties they identify. Defendants should reasonably know what admissions, denials, affirmative defenses, and counterclaims they intend to assert, and if they were to receive a discovery request that they believed to be outside the scope of discovery, they could raise such an objection. Thus, the only party that would be operating under a cloud of uncertainty would be Plaintiff—the non-movant. Moreover, uncertainty generally exists in every case and the purpose of proceeding to discovery is "to narrow and clarify the basic issues between the parties." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (recognizing that the Federal Rules of Civil Procedure require the pleadings to give only general notice of the claims and that discovery is used to clarify issues). Therefore, the existence of factual uncertainties in the case does not, on its own, justify issuing a stay.

On the other hand, if the District Judge finds that this Court lacks personal jurisdiction over the Defendants, then any orders issued by this Court may lack enforceability. *See Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005); *but see United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76–77 (1988). To be sure though, until the Court determines that it does not have jurisdiction, "lawyers and parties must obey court orders, even those that are (or lawyers think are) invalid and incorrect, until the orders are modified or rescinded or reversed by a court." *United States v. Funds in the Amount of $574,840*, 109 F. Supp. 3d 1043, 1046 (N.D. Ill. 2015). To avoid these types of disputes, the Supreme Court recommends limiting "discovery proceedings at the

outset to a determination of jurisdictional matters." *U.S. Catholic Conference*, 487 U.S. at 79. Courts faced with similar jurisdictional challenges generally follow this advice and choose to limit discovery to jurisdictional issues only. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803–04 (Fed. Cir. 1999); *Aurora Bank FSB v. Network Mortgage Services, Inc.*, No. 13–cv–00047–PAB–KLM, 2013 WL 3146972, at \*2–3 (D. Colo June 19, 2013); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001).

Here, Defendants' dispositive motion raises jurisdictional issues, challenging the Court's authority to resolve the issues before it. In an effort to reduce the burden of litigation, the Court tends to agree with the Defendant that the issue of personal jurisdiction should be resolved without enduring the cost of merit-based discovery. Thus, the Court finds that factor three weighs in favor of granting Defendants' Motion to Stay.

## III.    Conclusion

To preserve resources and limit the cost of litigation, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Stay (Dkt. 16). After weighing all of the factors, the Court finds that merit-based discovery will be **STAYED** until the Court rules on the Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. 10). All other case deadlines remain in effect, and jurisdictional discovery may proceed.

So ORDERED.

Date: 7/3/2019

_____
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email